# IN THE COURT OF APPEALS OF IOWA

No. 22-1407
Filed July 13, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHRISTOPHER RYAN BREKKE,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Scott County, Mark R. Lawson,

Judge.


        Christopher Brekke appeals his sentence following a guilty plea.

**AFFIRMED.**


        Tiffany Kragnes, Des Moines, for appellant.

        Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.


        Considered by Greer, P.J., Ahlers, J., and Gamble, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**GAMBLE, Senior Judge.**

Christopher Brekke appeals following entry of a global plea agreement, which resolved his charges in OWCR420586 for operating while under the influence (OWI), third offense, and driving while barred. Under the agreement, Brekke pleaded guilty to OWI third offense and the State dismissed the charge for driving while barred. The agreement included the following sentencing recommendation:

> In OWCR420586[,] the defendant is noticed that any conviction for OWI 3rd offense carries a mandatory minimum sentence of 30 days incarceration. As such, the State is prohibited from recommending probation. Any terms of the release, including supervised probation and parole, will be determined by the Iowa Department of Corrections (DOC), and the Iowa Board of Parole (BOP). Therefore, the State will recommend an indeterminate term of incarceration not to exceed 5 years, and the statutory minimum fine of $3125.00.

Brekke never filed a motion in arrest of judgment following the court's acceptance of the global plea agreement. At sentencing, the State recommended Brekke be sentenced "pursuant to the OWI continuum to a five year term of incarceration with sixty days at [the Iowa Medical and Classification Center (IMCC)] and that he be ordered to pay $3125.00 fine and his driving privileges be revoked for six years." The district court sentenced Brekke in accordance with the State's recommendation.

Brekke appeals. He fashions his appeal as a challenge to his sentence asserting the State breached the plea agreement. *See State v. Patten*, 981 N.W.2d 126, 129–30 (Iowa 2022) (recognizing a defendant has good cause to appeal following a guilty plea when the defendant claims the State breached the

plea agreement). However, within his argument he makes two distinct claims: (1) his plea was unknowing and (2) the State breached the plea agreement.[1]

As to his first claim, he contends the plea agreement misstated the law as to whether the State could recommend probation resulting in his guilty plea being unknowing. However, he failed to preserve error on this claim because he never filed a motion in arrest of judgment challenging his plea as unknowing and was previously adequately advised of his requirement to do so. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."); *State v. Tucker*, 959 N.W.2d 140, 153–54 (2021) (discussing when a defendant must file a motion in arrest of judgment to challenge a plea as unknowing or involuntary on appeal).

So we only consider his second claim—that the State breached the plea agreement by failing to make a sentencing recommendation in conformity with the plea agreement. At sentencing, the State recommended the court sentence Brekke "pursuant to the OWI continuum to a five year term of incarceration with sixty days at IMCC and that he be ordered to pay a $3125.00 fine and his driving privileges be revoked for six years." Brekke contends this breached the plea agreement because although the agreement does not explicitly specify that the State would recommend a minimum thirty days incarceration, it states that would be the minimum possible sentence. So "it stands to reason the State agreed with a thirty-day minimum sentence and Brekke relied upon that understanding and

---

[1] To the extent Brekke alleges he received ineffective assistance of counsel, we cannot consider this claim on direct appeal. *See* Iowa Code § 814.7 (2022).

statement with entering into the plea agreement." Brekke argues the State backtracked from the thirty-day minimum when it recommended a sixty-day minimum. We disagree. The State's sentencing recommendation is consistent with the plea agreement.

Iowa Code section 321J.2(5) provides in relevant part,

> A third or subsequent [OWI] offense is punishable by all of the following:
> a. Commitment to the custody of the director of the department of corrections for an indeterminate term not to exceed five years, with a mandatory minimum term of thirty days.
> (1) If the court does not suspend a person's sentence of commitment to the custody of the director of the department of corrections under this paragraph "a," the person shall be assigned to a facility pursuant to section 904.513.
> (2) If the court suspends a person's sentence of commitment to the custody of the director of the department of corrections under this paragraph "a," the court shall order the person to serve not less than thirty days nor more than one year in the county jail, and the person may be committed to treatment in the community under section 907.6.

The plea agreement correctly explained, "The defendant is noticed that any conviction for OWI 3rd offense carries a mandatory minimum sentence of thirty days incarceration."[2] The plea agreement continues, "*As such*, the State is prohibited from recommending probation." (Emphasis added.) This sentence is confusing. The introductory phrase "[a]s such" refers to the mandatory minimum of thirty days in the previous sentence. But the next clause says, "the State is prohibited from recommending probation." Read in isolation, this clause is inaccurate. The State could have recommended a suspended sentence and

---

[2] Under section 321J.2(5)(a), third offense OWI carries a thirty-day mandatory minimum. The thirty days is served in jail if the sentence is suspended. Iowa Code § 321J.2(5)(a)(2). It is served in prison if the sentence is not suspended. *Id.* § 321J.2(5)(a)(1).

probation. But under section 321J.2(5)(a)(2), if the court suspends the sentence, the offender must serve a minimum of thirty days in the county jail with credit for time served before a defendant may be placed on probation.[3] While the plea agreement is not a model of clarity, we believe the first and second sentences read together reflect the understanding of the parties that the State could not recommend probation without the thirty-day mandatory minimum. And this understanding was confirmed when the Department of Correctional Services amended the PSI to recommend a thirty-day jail term followed by probation.[4]

The plea agreement went on to explain, "Any terms of release, including supervised probation and parole, will be determined by the Iowa Department of Corrections (DOC), and the Iowa Board of Parole (BOP)." This is consistent with our governing statutes. *Cf.* Iowa Code §§ 321J.2(5)(a)(1) (explaining if the court does not suspend the sentence, "the person shall be assigned to a facility pursuant to Iowa Code section 904.513"); 904.513(2) (explaining placement is determined by DOC). Pursuant to section 904.513, the DOC developed the OWI continuum. The OWI continuum worksheet attached to Brekke's original presentence investigation report provided for a short-term incarceration of sixty days followed by the residential OWI program.

As to the State's recommendation conforming with the plea agreement, the plea explicitly stated the State would "recommend an indeterminate term of

---

[3] Brekke served twenty-three days prior to imposition of sentence.

[4] An addendum to the presentence investigation report recommended probation so Brekke could keep his job allowing him to use vacation to serve the remainder of his thirty-day jail term. But the State recommended incarceration due to Brekke's prior OWIs and danger to the community.

incarceration not to exceed five years, and the statutory minimum fine of $3125.00." The State did not breach the plea agreement by doing exactly what it said it would in recommending the imposition of an indeterminate prison term not to exceed five years. Its recommendation at sentencing to place Brekke at the IMCC for sixty days of that sentence did not violate any implicit belief Brekke may have had that the State would recommend placement for only thirty days. The sixty-day placement was not a mandatory minimum sentence. It was a consequence of Brekke's indeterminate sentence because it was required by the DOC's OWI continuum. The plea agreement made clear the thirty-day requirement was the minimum period of incarceration required but did not bind the State to a minimum of thirty days in placement when the DOC required sixty. Perhaps Brekke simply made that assumption. But it was not a reasonable reading of the plea agreement. *See Patten*, 981 N.W.2d at 131 ("The relevant inquiry in determining whether the prosecutor breached the plea agreement is whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain." (citation omitted)). We conclude the State's recommendation at sentencing was consistent with the purpose of the plea agreement. Brekke's expectation to the contrary was not justified.

Because the State did not breach the plea agreement when it made its sentencing recommendation, we affirm.

**AFFIRMED.**